Ashley T. Brines (SBN 322988)
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
(310) 788-4400
ashley.brines@katten.com

Dan Barnowski (*pro hac vice* filed)
Eric T. Werlinger (*pro hac vice* filed)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-3404
(202) 625-3500
dan.barnowski@katten.com
eric.werlinger@katten.com

Attorneys for Defendant LasikMD USA Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUAN RAMIREZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LASIKMD USA INC. d/b/a LASIK MDVISION,

Defendant.

Case No. 24-cv-2221-MMA-DDL NW

Hon. Michael Monroe Anello

**DEFENDANT LASIKMD USA INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(2) OR 12(b)(6)**

[*Filed concurrently with Memorandum of Points and Authorities and Declaration of Alan Marshall*]

Filed: November 26, 2024

**Hearing Date: March 17, 2025**
**Hearing Time: 2:30 p.m. PST**
**Courtroom: 3C**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 17, 2025, or as soon there or as soon thereafter as the matter may be heard, in the above-named court, located at the Edward J. Schwartz Courthouse, 221 West Broadway, San Diego, California 92101, before the Honorable Michael M. Anello, defendant LasikMD USA, Inc. will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for an order dismissing the claims asserted against it in the Complaint of plaintiff Juan Ramirez ("Plaintiff").

Plaintiff's claims for violations of federal and state wiretapping laws and the California constitution must be dismissed pursuant to FRCP 12(b)(2) because there is no personal jurisdiction over LasikMD USA. There is no general personal jurisdiction because LasikMD USA is not incorporated in California, nor is its principal place of business in California. In fact, it is not registered to do business in California at all.

There is also no specific personal jurisdiction because LasikMD USA did not purposefully direct any activities towards this forum – it has no contacts with California whatsoever. It does not have any operations, employees, or directors in the state, it does not solicit California customers, and it does not pay California taxes.

In the alternative, Plaintiff's Complaint fails to state any claims upon which relief can be granted and therefore warrants dismissal pursuant to FRCP 12(b)(6). Plaintiff's claim under the Federal Wiretap Act for primary liability fails because LasikMD USA cannot intercept a communication to which it is a party, and the crime-tort exception to that rule is inapplicable.

The aiding and abetting CIPA claim similarly fails because (1) Plaintiff does not allege any qualifying form of telephonic communications; (2) Plaintiff does not allege a primary violation by Facebook; and (3) Plaintiff does not offer a plausible allegation of intentional conduct on behalf of Facebook.

Finally, the constitutional privacy claim fails as a matter of law because there is no private right of action for damages and Plaintiff lacks standing to bring a claim for injunctive relief.

This Notice of Motion and Motion are based on the accompanying Memorandum of Points and Authorities, the Declaration of Alan Marshall in support thereof, the Complaint filed in this action, any argument of counsel the Court may entertain at the hearing on this Motion, and all other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: January 31, 2025

**KATTEN MUCHIN ROSENMAN LLP**
Ashley T. Brines
Dan Barnowski
Eric T. Werlinger

By: *<u>/s/ Ashley T. Brines</u>*

Attorneys for Defendant LasikMD USA Inc.