| | |
|---|---|
| Ashley T. Brines (SBN 322988)<br>KATTEN MUCHIN ROSENMAN LLP<br>2121 Avenue of the Stars<br>Suite 1100<br>Los Angeles, CA 90067<br>(310) 788-4400<br>ashley.brines@katten.com | Dan Barnowski (*pro hac vice*)<br>Eric T. Werlinger (*pro hac vice*)<br>KATTEN MUCHIN ROSENMAN LLP<br>1919 Pennsylvania Avenue NW<br>Suite 800<br>Washington, DC 20006-3404<br>(202) 625-3500<br>dan.barnowski@katten.com<br>eric.werlinger@katten.com |

Attorneys for Defendant VGC GROUP LP

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMIREZ, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LASIKMD USA, INC., et al.,<br><br>Defendants. | Case No. 24-cv-2221-CAB-DDL NW<br><br>Hon. Cathy Ann Bencivengo<br><br>**DEFENDANT VGC GROUP LP'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULES 12(b)(2) OR 12(b)(6)**<br><br>[*Filed concurrently with Memorandum of Points and Authorities*]<br><br>Action Filed: November 26, 2024<br>Amended Complaint Filed: February 21, 2025<br><br>Hearing Date: August 15, 2025<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT.** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2025, or as soon there or as soon thereafter as the matter may be heard, in the above-named court, located at the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, before the Honorable Cathy Ann Bencivengo, defendant VGC Group LP will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for an order dismissing the claims asserted against it in the Amended Complaint of plaintiff Juan Ramirez ("Plaintiff").

Plaintiff's claims for violations of federal and state wiretapping laws must be dismissed pursuant to FRCP 12(b)(2) because the harm that Plaintiff alleges is not a cognizable injury in fact under Article III, and this court lacks subject matter jurisdiction. Bare statutory violations of privacy statutes are insufficient for standing. Like other statutes, a privacy statute must create a cause of action that has a common law comparator to confer standing. Plaintiff's alleged harm of unauthorized disclosure neither implicates the essential elements of the historical privacy tort of public disclosure of private fact, nor intrusion upon seclusion. Disclosure from one business to another is not analogous to a public disclosure. And LasikMD did not intrude upon Plaintiff's seclusion—Plaintiff shared his information with LasikMD.

Plaintiff's claim under the California Constitution likewise fails for lack of standing because the California Constitution does not provide for damages, and Plaintiff does not allege a credible fear of future harm to warrant injunctive or declaratory relief.

In the alternative, Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted and therefore warrants dismissal pursuant to FRCP 12(b)(6). Plaintiff admits that he sent the electronic communications at issue to LasikMD for a legitimate business purpose, which ends any claim for a direct violation of either federal or state wiretapping laws because a party cannot "intercept" a communication to which it is a party.

The aiding and abetting claims also fail because the federal wiretapping statute does not recognize aiding-and-abetting liability and the California statute requires a direct violation by the "intercepting" party—here, Meta—to establish aiding-and-abetting liability. Plaintiff does not plausibly allege that Meta intended to intercept his PHI or that he did not consent to data being shared given Meta's unambiguous disclosures about sharing data in its various policies.

Plaintiff's California constitutional claim also fails on the merits because consent defeats any reasonable expectation of privacy.

This Notice of Motion and Motion are based on the accompanying Memorandum of Points and Authorities, the Amended Complaint filed in this action, any argument of counsel the Court may entertain at the hearing on this Motion, and all other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: July 10, 2025

**KATTEN MUCHIN ROSENMAN LLP**
Ashley T. Brines
Dan Barnowski
Eric T. Werlinger

By: /s/ Ashley T. Brines

Attorneys for Defendant VGC GROUP LP