Ashley T. Brines (SBN 322988)
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
(310) 788-4400
ashley.brines@katten.com

Dan Barnowski (*pro hac vice*)
Eric T. Werlinger (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-3404
(202) 625-3500
dan.barnowski@katten.com
eric.werlinger@katten.com

Attorneys for Defendant VGC GROUP LP

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUAN RAMIREZ, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

LASIKMD USA, INC., et al.,

Defendants.

Case No. 24-cv-2221-CAB-DDL NW

Hon. Cathy Ann Bencivengo

**DEFENDANT VGC GROUP LP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Action Filed: November 26, 2024
Amended Complaint Filed: February 21, 2025

Hearing Date: August 15, 2025

**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT.**

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. PLAINTIFF FAILS TO IDENTIFY A CLOSE HISTORICAL OR COMMON LAW ANALOGUE TO SUPPORT STANDING .......... 3

III. PLAINTIFF CANNOT INVOKE THE CRIME-TORT EXCEPTION TO ALLEGE A CLAIM UNDER ECPA .......... 4

IV. PLAINTIFF'S CIPA CLAIMS SIMILARLY FAIL .......... 6

V. PLAINTIFF LACKS CREDIBLE FEAR OF FUTURE HARM TO SUPPORT STANDING FOR INJUNCTIVE RELIEF .......... 7

VI. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6, 7

*Azar v. Allina Health Servs.*,
587 U.S. 566 (2019) .......... 6

*Borgman v. Yamaha Motor Corp., USA*,
636 F. Supp. 3d 1012 (D. Alaska 2022) .......... 5

*Bras v. Cal. Pub. Util.'s Comm'n*,
59 F.3d 869 (9th Cir. 1995) .......... 8

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (9th Cir. 2020) .......... 3

*Caro v. Weintraub*,
618 F.3d 94 (2d Cir. 2010) .......... 6

*Cody v. Boscov's, Inc.*,
2024 WL 2228973 (C.D. Cal. May 6, 2024) .......... 7

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 7

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .......... 7

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 4

*In re Google Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015) .......... 5

*J.H. Desnick v. ABC*,
44 F.3d 1345 (7th Cir. 1995) .......... 5

*K.L. v. Legacy Health*,
2024 WL 4794657 (D. Or. Nov. 14. 2024) .......... 6

*Matera v. Google Inc.*,
2016 WL 5339806 (N.D. Cal. Sep. 23, 2016) .......... 8

*Pena v. GameStop, Inc.*,
670 F.Supp.3d 1112 (S.D. Cal. 2023) ........................................................6

*Phillips v. U.S. Customs and Border Protection*,
74 F.4th 986 (9th Cir. 2023) ..................................................................4

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
2025 WL 1141168 (C.D. Cal. Feb. 27, 2025)...............................................3

*Sussman v. Am. Broad. Cos., Inc.*,
186 F.3d 1200 (9th Cir. 1999)......................................................... 2, 5, 6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ................................................................. 1, 3, 4, 8

*Zarif v. Hwareh.com, Inc.*,
2025 WL 486317 (S.D. Cal. Feb. 13, 2025) .................................................6

**Statutes**

California Invasion of Privacy Act,
S. 690, 2025-2026 Reg. Sess. (Cal. 2025)...................................................1

**Additional**

Restatement (Second) of Torts § 652B.........................................................3

# I. INTRODUCTION

Plaintiff almost entirely fails to engage with the grounds raised by Defendant in the motion to dismiss. In lieu of legal analysis, he opts for a long list of string cites, devoid of analysis as to why those cases are relevant. That gets Plaintiff nowhere. To the extent Plaintiff presents some non-binding cases that go his way, Defendant has already explained why those cases are wrong as a matter of first principles and binding Ninth Circuit precedent.[1] Where Plaintiff does engage with the arguments advanced by Defendant, he fares no better. He makes many incorrect statements of law and relies upon precedent that is no longer good law.

To begin, Plaintiff's arguments on why he has standing rely upon case law that does not survive the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). After *TransUnion*, a violation of a statute that reflects a substantive right of privacy is no longer sufficient to confer standing if the alleged harm is the individual's general interest in controlling information concerning his or her person. Plaintiff fails to establish that his alleged harm has sufficiently analogous harms at common law. Nor can he. Disclosure of information from one private business to another in a commercial context does not include the essential element of publicity required for a disclosure-based tort to lie at common law. Further, Plaintiff's reliance upon intrusion upon seclusion as a common law analogue fails because LasikMD does not and cannot intrude upon the privacy of Plaintiff, given that Plaintiff voluntarily shared information with LasikMD. The very crux of intruding upon

---

[1] In response to the way some courts have misinterpreted CIPA and let abusive lawsuits spawn, bipartisan members of the California Senate introduced and supported SB 690, an amendment to CIPA which has sailed through the Senate unanimously and carves out an exemption to CIPA for routine online tracking tools used for "commercial business purposes." The bill clarifies that CIPA's private right of action will not apply to the processing of personal information done for a commercial business purpose. *See* California Invasion of Privacy Act, S. 690, 2025-2026 Reg. Sess. (Cal. 2025).

seclusion is the harm that results from the intrusion itself, and here there is no such harm. The Court should go no further.

Even if the Court reaches the merits, the Plaintiff's arguments there fare no better. He invokes the crime tort exception to ECPA and CIPA to argue that LasikMD, a party to the communications with Plaintiff, can still be held liable for intercepting its own communications. But he provides nothing but lawyer argument to support that Defendant intercepted the communications for the purpose of violating HIPAA. Binding Ninth Circuit precedent in *Sussman v. American Broadcasting Companies, Inc.*, 186 F.3d 1200-03 (9th Cir. 1999), forecloses Plaintiff's argument of what is required to show interception for the purpose of committing a further and separate independent illegal act (like using the intercepted information for blackmail). That a simultaneous violation of HIPAA allegedly arises from the disclosure to Meta cannot by itself render plausible an allegation that violating HIPAA was the *purpose* of the interception, particularly when an obvious alternative explanation (marketing) applies. That ends Plaintiff's primary liability claims under ECPA.

Plaintiff affirmatively disclaims any secondary liability theory under ECPA, and his aiding and abetting theory under CIPA falls flat. Plaintiff contends that merely alleging intent is sufficient to survive an MTD. That is unsurprisingly wrong. Plaintiff fails to contend with Meta's disclaimers, and the way it informs consumers in detail about how to alter privacy settings, which are inconsistent with any intent to violate the law. Plaintiff does not allege any reason to believe that Meta did not follow its own policies and cannot ascribe bad intent to Meta merely based on allegation, when it discourages the transmission of personal health information to it.

Finally, Plaintiff lacks standing to bring his claim for injunctive relief under the California Constitution because he cannot allege a credible fear of future harm from LasikMD given he has alleged no basis for returning to LasikMD's website. Plaintiff focuses on the wrong harm when he focuses on the risk of Meta using

information it already has, since granting an injunction against LasikMD would do nothing to solve that.

## II. PLAINTIFF FAILS TO IDENTIFY A CLOSE HISTORICAL OR COMMON LAW ANALOGUE TO SUPPORT STANDING

Plaintiff relies upon the common law tort of intrusion upon seclusion as sufficiently similar to a CIPA violation for a CIPA violation to confer standing under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). However, he fails to reckon with the fact that LasikMD cannot intrude upon the seclusion of Plaintiff, because LasikMD is a party to the communications with Plaintiff—indeed, the intended recipient of Plaintiff's communications. Therefore, Plaintiff has not "identified a close historical or common-law analogue to the alleged injuries [he] suffered from *defendants' actions*," and there is no injury in fact. *TransUnion*, 594 U.S. at 424. (emphasis added). Since one "cannot logically intrude into communications to which they are a party," Plaintiff would fail "to sufficiently plead a claim for intrusion upon seclusion" because the "intrusion itself makes the defendant subject to liability." *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 2:24-CV-06525-WLH-E, 2025 WL 1141168, at *6 (C.D. Cal. Feb. 27, 2025).

Instead, Plaintiff relies upon a case—*Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020)—where the alleged "intrusion" upon seclusion was committed by Facebook, who was not a party to the underlying communication. Opp. at 12. But Plaintiff does not sue Facebook here—and strategically so. Indeed, *Campbell* recognizes that "[t]he intrusion itself makes the defendant subject to liability." 951 F.3d at 1117 (citing Restatement (Second) of Torts § 652B cmt. b.). It's not the subsequent disclosure (or lack thereof) that causes Article III injury. It's the act of intruding. And LasikMD cannot intrude upon a conversation to which it is a party.

To the extent that Plaintiff relies upon the harm of "disclosure" rather than intrusion, he fails to address at all that privacy torts based upon disclosure at common law related to disclosure to the public. Not disclosure to one individual or entity—

least of all in a business-to-business context where Plaintiff voluntarily conducts business with both entities.

Plaintiff also cites *In re Facebook Internet Tracking Litigation*, 956 F.3d 589, 598 (9th Cir. 2020) for the proposition that violations of privacy rights have long been actionable at common law and "encompass[] the individual's control of information concerning his or her person." Opp. at 13. But Plaintiff fails to contend with Defendant's argument that that case is no longer good law after *TransUnion*. In *Facebook*, the Ninth Circuit held that alleged violations of a statute that codified a right to privacy are themselves sufficient to be an injury in fact because of the right of an individual to control information about his person. That logic fails after *TransUnion* because a right must now be sufficiently similar to a harm at common law to confer standing regardless of whether it is codified by a statute or not.

Plaintiff fails to appreciate the relevance of the Ninth Circuit decision in *Phillips v. U.S. Customs and Border Protection*, 74 F.4th 986, 993 (9th Cir. 2023), whereby the Ninth Circuit evaluated the question of whether an alleged violation of the Fourth Amendment conferred standing. The Fourth Amendment, like CIPA, reflects a "substantive right to privacy." Under Plaintiff's logic, that alone would be sufficient to confer standing because of an individual's right to control information about himself. Yet, the Ninth Circuit did not even consider that angle in finding no standing. At bottom, all Plaintiff is left with is a bare statutory violation. That is not an Article III harm after *TransUnion*.

## III. PLAINTIFF CANNOT INVOKE THE CRIME-TORT EXCEPTION TO ALLEGE A CLAIM UNDER ECPA

Plaintiff acknowledges that, under the party rule, parties to a communication cannot "intercept" a communication to which it is party. Opp. at 16. Instead, he argues that the crime-tort exception to that rule applies, which focuses on whether "the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman*, 186 F.3d at 1202 (citation omitted) (emphasis in original). But, in

interpreting the scope of the crime-tort exception, Plaintiff conflates actions resulting in a tortious or criminal act with those where the then-present intention was to commit such an act. Opp. at 17. In other words, if a defendant passed communications to Facebook for marketing purposes, that is not a violation; the intention was to solicit customers, not to violate HIPAA. But if the defendant passed the communications in order to violate HIPAA, that would be actionable.

Congress "could have chosen to define the exception in terms of interception of [] communications *resulting in* a tortious or criminal act. Yet Congress limited the cause of action to instances where one party to the conversation deliberately seeks to harm the other participant through the information intercepted." *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010) (emphasis in original); *see also J.H. Desnick v. ABC*, 44 F.3d 1345, 1353 (7th Cir. 1995); *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015).

The Amended Complaint fails to allege any purpose of the interception altogether. Plaintiff's only support for his invocation of the crime-tort exception in the Amended Complaint is the bald assertion that "Defendants violated a provision of the Health Insurance Portability and Accountability Act." Am Compl. ¶91. However, when a plaintiff merely alleges that the interception violates a law other than ECPA that does not meet the plaintiff's burden of alleging that the interception was made "for the purpose of facilitating some further impropriety," *Sussman*, 186 F.3d at 1200, and the plaintiff "must seek redress elsewhere," *id.* at 1203.

In his opposition to the motion to dismiss, Plaintiff makes a new argument that "Healthcare companies, like Defendant, have received countless warnings regarding the use of internet advertising technology." Opp. at 10. It is well established that parties cannot amend their complaint through briefing, and this Court must go with what the operative complaint states. *Borgman v. Yamaha Motor Corp., USA*, 636 F. Supp. 3d 1012, 1031 (D. Alaska 2022). That alone ends Plaintiff's attempt to save his claim. Nevertheless, even on the merits, Plaintiff's assertion is insufficient. Even

if Defendant were on notice that its conduct violated HIPAA, that does not mean that its purpose was to violate HIPAA. [2] This isn't a negligence case where the question is what a reasonably prudent person should have known. Plaintiff fails to allege a basis for concluding Defendant knew the law and its purpose was to violate it. Indeed, no less an authority than the Supreme Court has made clear that allegations about scienter require supporting facts to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). Here, Plaintiff provides none.

To compensate for these shortcomings, Plaintiff cites assorted district court cases in this circuit that have held that a HIPAA violation constitutes an independent crime to satisfy the crime-tort exception. *See, e.g., K.L. v. Legacy Health*, 2024 WL 4794657, at *6 (D. Or. Nov. 14, 2024). But these courts wrongly infer plausible intent from the mere simultaneous alleged violation of HIPAA resulting from the interception. This is contrary to *Sussman*, which establishes that the crime-tort exception focuses on whether the purpose for the interception—its intended use—was criminal or tortious. Plaintiff not only fails to contend with the logic of *Sussman* but also ignores cases that apply the correct analysis. *See Zarif v. Hwareh.com, Inc.*, 2025 WL 486317, at *9 (S.D. Cal. Feb. 13, 2025) (collecting cases).

Finally, Plaintiff concedes in his brief that he was not alleging an aiding and abetting theory under ECPA. This admission ends his ECPA claim. Opp. at 12.

## IV. PLAINTIFF'S CIPA CLAIMS SIMILARLY FAIL

Because Plaintiff's protestation against the crime-tort exception fails, as under ECPA, LasikMD as a party to the communications cannot be held liable for a primary violation of CIPA. *E.g., Pena v. GameStop, Inc.*, 670 F.Supp.3d 1112, 1117 (S.D. Cal. 2023). As for Plaintiff's claims for aiding and abetting a violation of CIPA against LasikMD, an aiding and abetting claim cannot stand without a primary violation, and Plaintiff fails to plausibly allege Facebook had the requisite intent

[2] Plaintiff relies extensively on HHS guidance on HIPAA as purportedly establishing the law. That is wrong as a matter of law. *See Azar v. Allina Health Servs.*, 587 U.S. 566, 573 (2019).

required to violate CIPA. *E.g., Cody v. Boscov's, Inc.*, 2024 WL 2228973, at *3 (C.D. Cal. May 6, 2024). Plaintiff's claim that his allegations of Meta's intentional interception of his PII and PHI via the Meta Pixel are enough to show intent at the pleading stage is unsupported by case law—and undercut by his own actions. He didn't sue Meta, the seemingly obvious target with deep pockets—likely because he knows there's no case to be made.

Plaintiff must plausibly allege intent, not merely assert it. The Supreme Court has expressly rejected conclusory allegations of intent without supporting facts as sufficient to satisfy Rule 8(b) and survive a motion to dismiss. *See Iqbal*, 556 U.S. at 686-87. Plaintiff fails to plausibly allege intent because he fails to address that Meta requires "partners to have the right to collect, use, and share" user information before sharing it with Meta. MTD at 11. Meta also includes in its data policy how one may "remove or block cookies" and use "their browsers in incognito mode" to "block data transmissions from their browsers to third parties." MTD at 29. Because these policies "stand for the proposition that [Meta] does not want to receive private health information" and "CIPA liability only extends to willful or intentional conduct" Meta is not liable even if "some private health information" is sent to Meta "and subsequently gets integrated into [] [advertisements]" as Plaintiff "fail[s] to plausibly allege [Meta] is intentionally reading or learning the contents of plaintiff['s] private health communications." *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 844 (N.D. Cal. 2024).

## V. PLAINTIFF LACKS CREDIBLE FEAR OF FUTURE HARM TO SUPPORT STANDING FOR INJUNCTIVE RELIEF

Plaintiff alleges standing for injunctive relief for an alleged violation of the California Constitution based upon credible threat of future injury. The only thing he gets right is that the legal standard for standing for injunctive relief requires a credible threat of future injury. Further, the threat must be actual or imminent. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). To establish this threat, Plaintiff relies upon a case where the plaintiff sued Google for alleged interception

of Gmail messages where the court found that the plaintiff alleged a credible threat of future injury for Gmail users. *See Matera v. Google Inc.*, 2016 WL 5339806, at *19 (N.D. Cal. Sep. 23, 2016); Opp. at 25. That case is irrelevant because unlike using Gmail (something most people do daily), Plaintiff has failed to allege any basis at all for why he would return to LasikMD's website (or for that matter, that the policy he objects to is still in place on LasikMD's website). Plaintiff also states that because Meta retains his information, he has a credible fear of future injury. That, too, is wrong. He is suing for injunctive relief against LasikMD, not Meta. He has no standing to do so based on what Meta may or may not do in the future. Because "standing is not dispensed in gross," *TransUnion*, 594 U.S. at 431, "plaintiff[] must demonstrate standing for each claim that [he] press[es]" against each defendant, "and for each form of relief that [he] seek[s]," *id*. Finally, Plaintiff's claim for declaratory relief fails for the same reasons as his claim for injunctive relief—he fails to show a significant possibility of future harm in order to have standing. *Bras v. Cal. Pub. Util.'s Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995).

## VI. CONCLUSION

For the foregoing reasons, all of Plaintiff's claims should be dismissed.

Respectfully submitted,

Dated: August 8, 2025

**KATTEN MUCHIN ROSENMAN LLP**
Ashley T. Brines
Dan Barnowski
Eric T. Werlinger

By: /s/ Ashley T. Brines

Attorneys for Defendant VGC GROUP LP