UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMIREZ, *individually and on behalf of all others similarly situated,*<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LASIKMD USA, INC., et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 24-cv-2221-CAB-DDL<br><br>**ORDER ON MOTION TO DISMISS**<br><br>[Doc. No. 23] |

　　　　Plaintiff Juan Ramirez, individually and on behalf of all others similarly situated, filed his first amended complaint against defendant VGC Group LP[1] ("VGC") for violations of the Electronic Communications Privacy Act ("ECPA"); the California Invasion of Privacy Act ("CIPA"); and Invasion of Privacy under California's Constitution. [Doc. No. 13.]  Defendant VGC moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).  [Doc. No. 23.]  The matter has been fully briefed. [Plaintiff's Opposition at Doc. No. 24; Defendant's Reply at Doc. No. 25.]  The Court finds the matter suitable for determination on the papers.  CivLR 7.1(d)(1).  For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] VGC is the only remaining defendant is this matter and brings this motion.

1

## I. BACKGROUND

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion. *Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco,* 277 F.3d 1114, 1120 (9th Cir. 2002).

VGC operates the website us.lasikmd.com (the "Website"). Through this Website Plaintiff scheduled medical consultations and appointments for a medical procedure, specifically laser vision correction. [Doc. No. 13, at ¶¶ 6–14.] Plaintiff disclosed confidential, protected, and individually identifiable health information in his communications with the Website. [*Id*.]

Plaintiff never consented, agreed, authorized, or otherwise permitted the disclosure of his confidential, protected, and individually identifiable medical information to any third party. [*Id.* at ¶ 44.] Plaintiff was never provided with any written notice that VGC would disclose his confidential, protected, and individually identifiable medical information to any third party, nor was he provided with any means of opting out of such disclosures. [*Id*.]

Unknown to Plaintiff, the Website hosted code for the Facebook Tracking Pixel. Through this tracking code, the confidential medical information Plaintiff communicated to the Website was concurrently transmitted to Facebook, a third party. [*Id.* at ¶¶ 19, 20, 27, 31, 32.] Plaintiff had an active Facebook account at the time and transmissions of Plaintiff's medical communications with the Website also disclosed his personally identifiable information, including his unique Facebook ID. [*Id.* at ¶¶ 5, 33.] Facebook then used this information to personalize advertising to him and he received such targeted advertisements. [*Id.* at ¶¶ 7, 23.] Plaintiff did not consent to Facebook's access to and use of his personal medical information. [*Id.* at ¶ 45.]

Plaintiff asserts that unauthorized transmission by VGC of his personally identifiable health information to Facebook, a third party, violated the ECPA, CIPA and was an invasion of his privacy under the California Constitution. VGC moves to dismiss all three counts for lack of Article III standing and failure to state a claim.

## II. DISCUSSION

### A. Plaintiff Has Article III Standing for His ECPA and CIPA Claims

Standing is an essential part of the case-or-controversy requirement of Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 560–61. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 561. In a class action seeking equitable relief, standing is satisfied if at least one named plaintiff meets the requirements. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

VGC argues that Plaintiff has not demonstrated injury in fact for Article III standing because the alleged harm to his right to privacy is a generalized interest in controlling information concerning his person which is insufficient, citing *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). The Court disagrees.

Plaintiff alleges that he used the Website to schedule medical appointments which resulted in the unauthorized tracking technology disclosing his personally identifiable, confidential medical information to Facebook and he received targeted advertisements as a result. The unauthorized disclosure of personally identifiable, confidential medical information is a sufficiently concrete and particularized harm for standing. *Id.* at 425 ("Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion." (internal citation omitted)). Defendant's motion to dismiss for lack of Article III standing as to this ECPA and CIPA claims is **DENIED**.

///

B.     **Plaintiff States a Claim for ECPA and CIPA Violations**

VGC argues, should the Court find Plaintiff has Article III standing, each of the asserted causes of action should still be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint, as well as reasonable inference to be drawn from them, as true and construe them in the light most favorable to the non-moving party. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005). A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

An ECPA claim requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device. 18 U.S.C. §§ 2510 *et seq.* Similarly, CIPA prohibits any person from using electronic means to learn the contents or meaning of any communication without consent or in an unauthorized manner. Cal. Pen. Code § 631(a). Under both the ECPA and CIPA, it is not unlawful for a person to intercept an electronic communication where such person is a party to the

communication so long as such interception is not for the purpose of committing any criminal or tortious act—often referred to as the party exemption. 18 U.S.C. § 2511(2)(d); *see In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 607 (9th Cir. 2020) ("[Both the ECPA and CIPA] contain an exemption from liability for a person who is a 'party' to the communication[.]"). "Courts perform the same analysis for both the [ECPA] and CIPA regarding party exemption." *Id.*

VGC contends that as the intended recipient of Plaintiff's communications on the Website the party exemption applies and Plaintiff's claims under the ECPA and CIPA necessarily fail. Plaintiff however argues that the party exemption is inapplicable because VGC intercepted his communications with criminal or tortious intent. 18 U.S.C. § 2511(2)(d) (Consent is not a defense where the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.)[2]

To come within this tort or crime exception to the party exception, a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording or interception itself. *Pena v. GameStop, Inc.,* 670 F. Supp. 3d 1112, 1119–20 (S.D. Cal. 2023) (citing *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015)).

Generally, interceptions fall within the tort or crime exception only where the primary motivation or a determining factor in the interceptor's actions has been to injure plaintiff tortiously. *R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 901 (C.D. Cal. 2024). Much like the defendant in *Walgreen*, VGC argues that any interception of Plaintiff's

---

[2] VGC also asserts that Plaintiff consented to Facebook/Meta collecting the information he communicated to VGC as part of the Facebook/Meta terms of use agreement. [*See* Doc. No. 23-1 at 27–29.] VGC argues this is a complete defense. Plaintiff however claims he did not consent to his medical information being shared and that he was not provided notice that his confidential communications were being accessed by Facebook Pixel. [Doc. No. 24 at 23.] For purposes of this motion, the Court accepts Plaintiff's statements as true. Consent at this juncture is at best a disputed fact.

medical information that was passed on to Facebook through the use of Facebook Tracking Pixel was for commercial purposes and therefore neither criminal nor tortious. However, "the mere existence of [a] lawful purpose alone does not sanitize an interception that was also made for an illegitimate purpose." *Gaige v. Exer Holding Co., LLC*, Case No. 2:24-cv-06099-AH, 2025 WL 559719, at *5 (C.D. Cal. March 2, 2025) (quoting *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 515 (S.D.N.Y. 2001)).

As the court concluded in *Walgreen*, this Court finds that even where a defendant is arguably motivated by monetary gain, the tort or crime exception may apply. *See* 733 F. Supp. 3d at 901-02 (having stated a claim for invasion of privacy the court concludes the complaint pleads tortious intent). Plaintiff has adequately alleged that VGC intentionally transferred Plaintiff's confidential, personally identifiable health information without Plaintiff's knowledge and consent, stating a claim for invasion of privacy and a violation of the Health Insurance Portability and Accountability Act ("HIPAA"). [*See* Doc. No. 13 at ¶ 91; *see also Gaige,* 2025 WL 559719 at *5 (knowing disclosure of individually identifiable health information to another person in violation of HIPAA may satisfy the crime-tort exception).

For pleading purposes at this motion to dismiss stage, the complaint sufficiently alleges an illegitimate purpose that was at least a determining factor for VGC's action. The motion to dismiss the ECPA and CIPA claims is **DENIED**.

C.  **Plaintiff Fails to Establish Standing for his Invasion of Privacy in Violation of the California Constitution**

To state a claim for invasion of privacy under the California Constitution, a plaintiff must plead (1) the nature of any intrusion upon reasonable expectation of privacy, and (2) the offensiveness or seriousness of the intrusion, including any justification and other relevant interests. *Gaige,* 2025 WL 559719 at *7. A cause of action for invasion of privacy must be sufficiently serious in nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right. *Hegger v. Facebook, Inc.,* 509 F. Supp. 3d 1182, 1193 (N.D. Cal 2020).

Plaintiff alleges he used the Website to schedule medical treatments, and these communications were disclosed to a third party without his consent, which led him to receive targeted advertisements. The allegations that his private medical communications were disclosed without his authorization to a third party is sufficient to state a claim for invasion of privacy. *See Gaige*, 2025 WL 559719, at *8 (allegations that defendant used his personal health information for targeted advertising is enough to survive a motion to dismiss on the issue of whether this conduct is highly offensive).

VGC contends that even if Plaintiff adequately alleged past conduct by VGC that caused him injury, he still lacks standing on his constitutional invasion of privacy count, because he is limited to a claim for injunctive relief which is prospective. "A plaintiff must show standing with respect to each form of relief sought." *Ellis v. Costco Wholesale Corp.* 657 F.3d 970, 978 (9th Cir. 2011). To establish standing for prospective injunctive relief, a plaintiff may not rely solely on past exposure to illegal conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

VGC argues that the Plaintiff has not demonstrated he is subject to the likelihood of actual and imminent future injury from VGC. *See Hodgers-Durgin v. de La Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999) (in a class action a named plaintiff must show that he himself is subject to a likelihood of future injury). Specifically, VGC argues Plaintiff has not pled sufficient facts to support a claim that VGC is continuing to share his private data or that he even intends to visit the Website in the future. Therefore, VGC contends Plaintiff does not have standing for this claim. The Court agrees.

Plaintiff's counter argument is that the Facebook Tracking Pixel used to intercept his communications can be installed on any webpage and continue to intercept his sensitive health information, so Meta still retains the information he disclosed to VGC without authorization and may continue to use it. He relies on *Matera v. Google Inc.*, 2016 WL 5339806, *19 (N.D. Cal. Sept. 23, 2016), where the plaintiff alleged real and immediate threat of repeated injury from Google's interception practices. But unlike *Matera*, where Google was a defendant and so an injunction directed to them would prevent future harm,

Facebook/Meta are not defendants in *this* litigation. Whether Facebook/Meta continue to use Plaintiff's sensitive health information or employ the Facebook Tracking Pixel on other webpages, such future conduct is not controlled by VGC. Plaintiff has not alleged that he will continue to use the VGC website or alleged that VGC is continuing to make unauthorized disclosures of his personally identifiable medical information. Plaintiff has therefore not demonstrated that he has an actual and imminent claim of future harm from VGC. The motion to dismiss Plaintiff's claim for invasion of privacy in violation of the California Constitution for lack of standing is **GRANTED**.

## III. CONCLUSION

For the reasons stated above, VGC's motion to dismiss Plaintiff's claims for ECPA and CIPA violations for lack of Article III standing and failure to state a claim is **DENIED**. VGC's motion to dismiss Plaintiff's claim for an invasion of his privacy under the California Constitution for lack of standing is **GRANTED**.

VGC is ordered to file an answer to the remaining claims of the complaint by **February 23, 2026**.

It is **SO ORDERED.**

Dated: January 26, 2026

Hon. Cathy Ann Bencivengo
United States District Judge