Ashley T. Brines (SBN 322988)
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
(310) 788-4400
ashley.brines@katten.com

Dan Barnowski (*pro hac vice*)
Eric T. Werlinger (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-3404
(202) 625-3500
dan.barnowski@katten.com
eric.werlinger@katten.com

Attorneys for Defendant
VGC GROUP LP

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JUAN RAMIREZ, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

LASIKMD USA, INC., et al.,

Defendants.

Case No. 3:24-cv-02221-MMA-DDL

**DEFENDANT VGC GROUP LP'S ANSWER TO PLAINTIFF JUAN RAMIREZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant VGC Group LP (VGC) answers and responds to each of the allegations of Plaintiff Juan Ramirez's First Amended Complaint (ECF No. 13, "FAC") and asserts its affirmative defenses as follows:

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), VGC denies all allegations in Plaintiff's FAC except those specifically admitted below.

**SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS**

**NATURE OF ACTION**

1. These are legal contentions to which no response is required. To the extent a response is required, denied.

2. Denied.

3. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

4. These are legal contentions to which no response is required. To the extent a response is required, denied.

**THE PARTIES**

5. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

6. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

7. Denied.

8. These are legal contentions to which no response is required. To the extent a response is required, denied.

9. Denied.

10. VGC admits that it is a Canadian entity headquartered in Montreal, Canada. The remaining allegations in this paragraph are denied.

11. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise denies the allegations in this paragraph.

12. VGC admits that it owned the Website and that the Website was accessible in California. The remaining allegations in this paragraph are denied.

13. VGC admits that individuals could book appointments for LASIK consultations and procedures at a LasikMD branded clinic at 8881 Fletcher Parkway, Suite 395, San Diego, CA 91942, through the Website from November 24, 2022, until about July 29, 2024. The remaining allegations in the paragraph are denied.

14. VGC admits that the alleged "LasikMD branded clinic in San Diego" ceased to operate on or about August 9, 2024. The remaining allegations in the paragraph are denied.

## <u>JURISDICTION AND VENUE</u>

15. These are legal contentions to which no response is required. To the extent a response is required, VGC admits that this Court would have federal-question jurisdiction over claims arising under the Electronic Communications Privacy Act. VGC further admits that, insofar as the Court has a basis for federal-question jurisdiction, it would also have supplemental jurisdiction over Plaintiff's state-law claims. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph pertaining to diversity jurisdiction under the Class Action Fairness Act and denies them on that basis.

16. These are legal contentions to which no response is required. To the extent a response is required, VGC lacks sufficient information to admit or deny the factual allegations pertaining to Plaintiff's residence or citizenship and denies the allegations on that basis. All other allegations requiring a response are denied.

17. These are legal contentions to which no response is required. To the extent a response is required, VGC lacks sufficient information to admit or deny the factual allegations and denies the allegations on that basis.

## <u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

### A. Defendants' Website

18. VGC admits that individuals could book appointments for LASIK procedures at a LasikMD branded clinic in San Diego through the Website from November 24, 2022, until about July 29, 2024. VGC Group further admits that individuals could book appointments for LASIK procedures at LasikMD branded clinics in Miami, Florida, and Nashville, Tennessee, from November 24, 2022, onward. VGC Group further admits that individuals could book appointments for LASIK procedures at a LasikMD branded clinic in Austin, Texas, from February 25, 2024, onward. The remaining allegations in this paragraph are denied.

19. VGC admits that the Website has utilized pixel technology produced by Meta, Inc. (the Meta Pixel) at various points in time. All other allegations in this paragraph are denied.

20. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

### B. Facebook's Platform and its Business Tools

21. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

22. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information

to admit or deny the factual allegations in this paragraph and denies them on that basis.

23. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

24. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

25. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

26. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

27. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

28. The allegations in Paragraph 28 state a hypothetical set of facts, which VGC can neither admit nor deny. To the extent a further response is required, VGC states that it lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

29. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

30. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

**C. How Defendants Disclosed Plaintiff's and Class Members' Protected Health Information and Assisted with Intercepting Communications**

31. Denied.

32. Denied.

33. Denied.

34. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

35. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

36. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

37. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

38. VGC denies that it "utilized" the so-called 'fbp cookie." VGC otherwise lacks sufficient information to admit or deny the remaining factual allegations in this paragraph and denies them on that basis.

39. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

40. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

41. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

42. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

43. VGC denies that it "sent" any "identifies." VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

**D. Plaintiff Never Provided Defendants or Facebook with Consent to Intercept His Sensitive and Confidential Personally Identifiable Information**

44. VGC denies that Plaintiff never consented, agreed, authorized or permitted Defendants to disclose his confidential and sensitive personally identifiable information, and that it "knowingly disclosed to Facebook [Plaintiff's] sensitive and confidential personally identifiable information." VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

45. VGC denies that Plaintiff never consented, agreed, authorized or permitted the disclosure of his information. VGC states that it lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

46. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

47. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

48. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

49. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

50. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

51. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

52. The websites purportedly quoted in this paragraph speak for themselves. VGC denies the allegations in this paragraph to the extent they are inconsistent with

the text of the websites quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

53. VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

**E. Warning on Tracking Codes on Health Care Websites**

54. These are legal contentions to which no response is required. To the extent a response is required, the document purportedly quoted in this paragraph speaks for itself, and VGC denies any allegation inconsistent with the text of the document. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

55. These are legal contentions to which no response is required. To the extent a response is required, the document purportedly quoted in this paragraph speaks for itself, and VGC denies any allegation inconsistent with the text of the document. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

56. These are legal contentions to which no response is required. To the extent a response is required, the document purportedly quoted in this paragraph speaks for itself, and VGC denies any allegation inconsistent with the text of the document. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

57. These are legal contentions to which no response is required. To the extent a response is required, denied.

58. These are legal contentions to which no response is required. To the extent a response is required, the document purportedly quoted in this paragraph speaks for itself, and VGC denies any allegation inconsistent with the text of the

document. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

59. These are legal contentions to which no response is required. To the extent a response is required, the document purportedly quoted in this paragraph speaks for itself, and VGC denies any allegation inconsistent with the text of the document. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

60. These are legal contentions to which no response is required. To the extent a response is required, the document purportedly quoted in this paragraph speaks for itself, and VGC denies any allegation inconsistent with the text of the document. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

61. These are legal contentions to which no response is required. To the extent a response is required, denied.

62. VGC states that the quoted article makes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. VGC further states that the website purportedly quoted in this paragraph speaks for itself. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the website quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

63. VGC states that the quoted article makes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. VGC further states that the website purportedly quoted in this paragraph speaks for itself. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the website quoted therein. VGC otherwise lacks sufficient

information to admit or deny the factual allegations in this paragraph and denies them on that basis.

64. VGC states that the quoted article makes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. VGC further states that the website purportedly quoted in this paragraph speaks for itself. VGC denies the allegations in this paragraph to the extent they are inconsistent with the text of the website quoted therein. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

65. VGC states that these are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## CLASS ACTION ALLEGATIONS

66. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

67. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

68. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

69. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. Any other factual allegation in this paragraph is denied.

70. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

71. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

72. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

73. These are legal contentions to which no response is required. To the extent a response is required, VGC denies this case is amenable to any form of class treatment. VGC otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis.

## CAUSES OF ACTION

### COUNT I
### Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)

74. VGC repeats its answer to the foregoing paragraphs contained in the foregoing paragraphs as if fully set forth herein. VGC denies this case is amenable to any form of class treatment.

75. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

76. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

77. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

78. These are legal contentions to which no response is required. To the extent a response is required, the statute purportedly quoted speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute. Any other factual allegation in this paragraph is denied.

79. These are legal contentions to which no response is required. To the extent a response is required, the statute purportedly quoted speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute. Any other factual allegation in this paragraph is denied.

80. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

81. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

82. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

83. These are legal contentions to which no response is required. To the extent a response is required, denied.

84. These are legal contentions to which no response is required. To the extent a response is required, denied.

85. These are legal contentions to which no response is required. To the extent a response is required, denied.

86. These are legal contentions to which no response is required. To the extent a response is required, denied.

87. These are legal contentions to which no response is required. To the extent a response is required, denied.

88. These are legal contentions to which no response is required. To the extent a response is required, denied.

89. These are legal contentions to which no response is required. To the extent a response is required, denied.

90. These are legal contentions to which no response is required. To the extent a response is required, denied.

91. These are legal contentions to which no response is required. To the extent a response is required, the statute purportedly quoted speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute. Any other factual allegation in this paragraph is denied.

92. These are legal contentions to which no response is required. To the extent a response is required, denied.

93. These are legal contentions to which no response is required. To the extent a response is required, denied.

94. These are legal contentions to which no response is required. To the extent a response is required, VGC lacks sufficient information to admit or deny the factual allegations in this paragraph and denies them on that basis..

95. These are legal contentions to which no response is required. To the extent a response is required, denied.

96. These are legal contentions to which no response is required. To the extent a response is required, denied.

**COUNT II**
**Violation of the California Invasion of Privacy Act, California Penal Code § 631**

97. VGC repeats its answer to the foregoing paragraphs contained in the foregoing paragraphs as if fully set forth herein. VGC denies this case is amenable to any form of class treatment.

98. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

99. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

100. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

101. These are legal contentions to which no response is required. To the extent a response is required, the statute speaks for itself, and VGC denies any allegation inconsistent with the plain text of the statute.

102. These are legal contentions to which no response is required. To the extent a response is required, denied.

103. These are legal contentions to which no response is required. To the extent a response is required, denied.

104. These are legal contentions to which no response is required. To the extent a response is required, denied.

105. These are legal contentions to which no response is required. To the extent a response is required, denied.

106. These are legal contentions to which no response is required. To the extent a response is required, denied.

107. These are legal contentions to which no response is required. To the extent a response is required, denied.

**COUNT III**
**Invasion of Privacy Under California's Constitution**

108. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

109. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

110. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

111. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

112. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

113. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

114. This claim has been dismissed with prejudice, and no response is required. To the extent a response is required, denied.

**AFFIRMATIVE DEFENSES**

VGC asserts the following defenses as additional or affirmative defenses. In asserting these defenses, VGC does not assume the burden of proof with respect to any issue to which the applicable law puts the burden upon Plaintiff or any purported member of the putative class. VGC expressly reserves the right to assert any and all other defenses that may be determined to exist throughout the course of this Action.

1. Plaintiff and putative class members have failed to state a claim or cause of action for which relief may be granted.

2. Plaintiff's claims and the putative class members lack standing to sue.

3. Insofar as Plaintiff might seek to represent a class of absent putative members who resided outside the State of California when their claims allegedly accrued, this Court lacks personal jurisdiction over VGC as it relates to those claims.

4. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the applicable statute of limitations.

5. The claims of Plaintiff and the putative class members are barred because they have failed to join all parties required for the Court to award complete relief, if any.

6. VGC did not disclose any private or confidential information belonging to Plaintiff or the putative class members.

7. To the extent any disclosure occurred, Plaintiff and the putative class members knowingly disclosed or otherwise acquiesced to the disclosure of such information to Meta.

8. To the extent any disclosure occurred, the disclosure was not public and/or did not personally identify Plaintiff or the putative class members.

9. Plaintiff and the putative class members expressly or implicitly consented to the conduct alleged in the FAC.

10. The claims of Plaintiff and the putative class members are barred by ratification, acquiescence, estoppel, waiver, laches, unclean hands, and/or other equitable defenses because Plaintiff and putative class members knew of, voluntarily participated in, or approved of the conduct alleged in the FAC and never objected to the conduct alleged in the FAC before filing this lawsuit.

11. To the extent that Plaintiff and the putative class members suffered any harm, such resulted, in whole or in part, from their own conduct and/or the conduct of third parties.

12. To the extent that Plaintiff and the putative class members suffered any harm, VGC is not the proximate cause of such harm.

13. To the extent that Plaintiff and the putative class members suffered any damages, they failed to mitigate such damages.

14. To the extent that Plaintiff and the putative class members suffered any damages, recovery is barred due to their own negligence and/or assumption of risk.

15. Plaintiff and the putative class members are barred from seeking injunctive relief or any other equitable relief because they have an adequate remedy at law.

16. Defendant acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiff and the putative class. To the extent ECPA, CIPA, or HIPAA apply to Defendant or the conduct at issue in this case, Defendant is not liable because it relied in good faith upon a reasonable understanding of the statutory language and any legal responsibilities arising therefrom.

17. The claims for statutory penalties under CIPA and/or the ECPA of Plaintiff and the putative class members violate the U.S. Constitution—without limitation, the Fifth, Seventh, Eighth, and Fourteenth Amendments. Alternatively, VGC is entitled to the procedural, substantive, and other protections, caps, and limitations provided by any applicable state and federal law regarding any attempt to seek statutory, compensatory, or punitive damages—whether individually or on a class basis.

18. To the extent Plaintiff or the putative class members receive a recovery from any other party or source, Defendant is entitled to a set-off or reduction of any judgment against it.

## RESERVATION OF RIGHTS

VGC reserves the right to amend its answer and affirmative defenses based upon information that may become known during the course of this action.

## JURY TRIAL DEMAND

VGC demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

VGC prays for the following relief:

1. Plaintiff take nothing by way of the FAC.
2. Any request for class certification be denied.
3. Judgement of dismissal be entered in favor of VGC and against Plaintiff.
4. VGC be awarded its costs and reasonable attorney's fees, as may be recoverable under applicable law.
5. The Court award all other relief that the Court deems just and proper.

Dated: February 23, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**
Ashley T. Brines
Dan Barnowski
Eric T. Werlinger

By: */s/ Ashley T. Brines*

Attorneys for Defendant VGC GROUP LP